IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ARACELIS ROSADO-MORALES NORMAN J. LAUREANO-RODRIGUEZ and the conjugal partnership composed by them; YARELIS LAUREANO-ROSADO, NORMAN Y. LAUREANO-ROSADO<br><br>Plaintiffs<br><br>vs<br><br>JC PENNEY, INC. LIFETOUCH, INC. d/b/a JC PENNEY PORTRAITS; CORPORATIONS A THROUGH Z; JOHN DOE AND JANE DOE; INSURANCE COMPANIES A THROUGH Z<br><br>Defendants | CIVIL 05-1532CCC |

## OPINION AND ORDER

This diversity action arises from events that began when plaintiff Aracelis Rosado-Morales had photographs taken at defendant Lifetouch Inc. a/d/b/a JC Penney Portraits (Lifetouch or "the studio"), located within defendant JC Penney, Inc.'s (Penney's or "the store") department store located in Plaza Las Américas mall in San Juan, Puerto Rico. The photos included some of herself breast feeding her three month old infant daughter Yarelis Laureano-Rosado (Yarelis). Rosado-Morales states that around June 9, 2004 she received a call from the photographer stating that her prints were ready to be picked up, but the set would not be complete because the manager had stated that they would not be giving her the prints of her breast feeding; that the studio did not deliver photos containing views of women's breasts. Plaintiffs filed this suit alleging that the studio refused to deliver all of the photos, insinuating that the photos in question were obscene, pornographic, or even criminal, that they tried numerous times to get the photos but defendants refused to deliver them and that plaintiff Aracelis Rosado-Morales was subjected to humiliating and demeaning treatment by store representatives when she insisted on obtaining the breastfeeding photos.

CIVIL 05-1532CCC                             2

The other plaintiffs are Rosado-Morales' husband and father of Yarelis and their son, Norman Y. Laureano-Rosado (Norman Y). The suit alleges facts that plaintiffs contend violate the following Puerto Rico laws:

    (1) 31 L.P.R.A. §§3373-3746–"breach of contract" Complaint ¶¶3.22, 3.26 and 4.1

    (2) 31 L.P.R.A. §5141 et. seq. –"torts" (not specifically identified ) Id., at ¶4.1

    (3) Puerto Rico Constitution Article II §§    and 8–"Sexual Discrimination" Id., at ¶4.2

    (4) Puerto Rico Constitution Article II §§1 and 8 "attacks to the dignity of, honor, reputation and family life." Id., at ¶4.2

    (5) 24 L.P.R.A. §3518 "Laws Against Discrimination Because of Lactation" Id., at ¶4.3 and

    (6) Constitutional right to privacy (specific section not identified) "Mrs. Rosado-Morales' and her baby's right to control their image and likeness."

Plaintiffs allege that the defendants' actions made Rosado-Morales feel humiliated, depressed, and sad and caused her and her family damages and mental suffering amounting to the global sum of $2,000,000 if the photos were not delivered, but that the damages would be reduced to $600,000 if the photos were turned over to plaintiffs.[1] Defendants state that the value of the photos was approximately $145.68.

The action is now before us on Defendants JC Penney, Inc. & Lifetouch, Inc. a/d/b/a JC Penney Portraits' Motion to Dismiss . . . filed June 30, 2005 (**docket entry 7**), which plaintiffs opposed (**docket entry 11**).[2] A reply (**docket entry 20**) and a surreply (**docket entry 29**) followed. The dispositive motion asks for dismissal based on lack of subject matter jurisdiction, insufficiency of service of process; and lack of personal jurisdiction over the minor plaintiffs. It also moves for a more definite statement and/or to compel separate statements.

---

[1] According to the dispositive motion and opposition, this has already been done.

[2] The same opposition was filed twice. See, docket entry 13.

CIVIL 05-1532CCC                                        3

Defendants argue that the service was insufficient because they were identified as JC Penney and Lifetouch in the summons and complaint and the correct corporate names are JC Penney Corporation, Inc. and Lifetouch Portrait Studios, Inc. We initially note that defendants are not accurately stating how they were identified in the summons and complaint: plaintiffs actually identified and served them as three entities, to wit, JC Penney, Inc., Lifetouch, Inc., and JC Penney Portraits. Although defendants claim this is a fatal defect, they have cited no cases to support this conclusion. Neither party is challenging any other aspect of the service or that they didn't receive actual notice or that the allegations pertain to other entities.

Where, as here, defendants have received actual notice of an action, requirements are to be "broadly interpreted," see, Nowell v. Nowell, 384 F.2d 951(5th Cir. 1967), and "substantial compliance" with the requirements suffices, see, Precision Etchings & Findings, Inc. v. LGP Gen Ltd., 953 F.2d 21, 23 (1st Cir. 1992).

Plaintiffs included JC Penny's corporate status with the use of "Inc.," instead of the actual redundancy of the correct name. The studio was served in both its corporate name, although slightly incorrect, as well as its business name. Both parties received the service of process, although with slight variations of their true names. They have not claimed any ambiguity or that the allegations of the complaint do not pertain to them. In other words, neither defendant is claiming any prejudice from having been identified in that manner. We, therefore, rule that the plaintiffs substantially complied with the requirements of Fed.R.Cv.P. 4 for service and discount this contention as ground for dismissal.

Defendants also contend that the actions filed on behalf of the minors Yarelis and Norman Y. Laureano-Rosado, described as an infant girl and a toddler boy, are fatally defective insofar as the minor plaintiffs are prohibited from maintaining an action on their own behalf under Puerto Rico law, 31 L.P.R.A. §601, which sets forth the duties and powers of parents with respect to children who are not emancipated, includes the duty of "representing them in the exercise of all actions which may redound to the benefit of such children." Plaintiffs refutes

CIVIL 05-1532CCC                                          4

the defendants' position with the observation, at page 11, ¶32. "Obviously, these minors are represented by their parents who are also part of the complaint."

The first paragraph of the complaint states, "Comes now plaintiffs, Arecelis Rosado-Morales Norman J. Laureano-Rodríguez . . . Yarelis Laureano-Rosado, Norman Y. Laureano-Rosado through their undersigned attorneys...." It is in ¶2.3 that Yarelis is described as "a breastfed infant girl." Paragraph 2.4 describes Norman Y. as "a toddler boy." The Civil Code of Puerto Rico imposes on and grants parents a wide range of duties and powers in the exercise of their patria potestas, including representing them legally. Ex Parte Torres, 118 D.P.R. 469 (1987), 118 Official Translation 549, 557.

Nowhere in the complaint does it state that the minors are represented by either or both of their parents; the point being that, as drafted, the complaint identifies the children as appearing on their own behalf represented directly by their attorneys. The remedy lies not on dismissal of the minors' claims but rather on amending the caption and text of the complaint, ¶1, to clearly state that the adult plaintiffs also appear on behalf of their minor children Yarelis and Norman Y. Laureano-Rosado. The amended complaint shall be filed no later than December 15, 2005.

Defendants challenge our subject matter jurisdiction claiming plaintiffs fail to meet the threshold minimum jurisdiction amount of $75,000 for actions based on diversity. Defendants also contend that the alleged emotional damages at not having received all of $145.68 worth of photos could not produce to a legal certainty the degree of emotional damages alleged. Pursuant to 28 U.S.C. §1332(a) the value of the matter in controversy in an action based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. Since plaintiffs seek to invoke federal diversity jurisdiction, they have the burden of showing their claims meet the amount-in-controversy requirement. Id.

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal

CIVIL 05-1532CCC                                    5

certainty that the claim is really for less than the jurisdictional amount to justify dismissal. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938) as cited in Stewart v. Tupperware Corporation, 356 F.3d. 335, 337 (D. Puerto Rico 2004). If, however, the opposing party questions the damages allegation, then "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity fact indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Spielman v. Genzyme Corp., 251 F.3d. 1, 4 (1st Cir. 2001) quoting Dep't. of Recreation & Sports, 942 F.2d 84, 88 (1st Cir. 1991). It is recent decision in Exxon Mobile Corporation v. Allapattah Services, Inc., 125 S.Ct. 2611 (2005), the Supreme Court held that,

> where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] §1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.

Unless damages actually exist and are sufficiently proved, there can be no compensation, sinc Puerto Rico law does not sanction punitive damages. Cruz v. Molina, 788 F. Supp. 122,127 (D. Puerto Rico 1992). "Although Puerto Rico recognizes moral damages for breach of contract, . . . moral damages for emotional distress will not be awarded unless evidence establishes that the mental condition of the claimant has been considerably affected . . . there must [ ] be a showing that in some appreciable measure the health, welfare and happiness of the claimant were really affected." Id., at 128. A party may meet this burden by amending the pleadings or by submitting affidavits. Dep't. of Recreation and Sports, supra, at 87. The adult plaintiffs have submitted sworn statements in support of their damage allegations with their sur-reply. From the content of the statements, we cannot conclude to a legal certainty that the principle plaintiff, Rosado-Morales' damages are below the jurisdictional amount.

Finally, having carefully read the allegations of the complaint, the Request for More Definite Statement is DENIED.

CIVIL 05-1532CCC                                            6

      For the reasons stated, the Motion to Dismiss (**docket entry 7**) is DENIED in its entirety. Plaintiffs shall amend the complaint, in conformity with the terms of this Order on or before December 15, 2005.

      SO ORDERED.

      At San Juan, Puerto Rico, on November 30, 2005.

                                          S/CARMEN CONSUELO CEREZO
                                          United States District Judge